**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **YOLANDA PHILIPS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-10-CV-442-KC** |
| | § | |
| **DEUTSCHE BANK NATIONAL** | § | |
| **TRUST COMPANY AS TRUSTEE** | § | |
| **FOR LONG BEACH MORTGAGE** | § | |
| **LOAN TRUST 2005-WL3,** | § | |
| | § | |
| **Defendant**. | § | |

## ORDER

On this day, the Court considered Defendant's motion to dismiss, or in the alternative, motion for more definite statement ("Motion"), ECF No. 3. For the reasons set forth herein, Defendant's Motion is **DENIED** in part and **GRANTED** in part.

## I.      BACKGROUND

The following facts are taken from Plaintiff's original petition, Def.'s Notice of Removal Ex. C-1 ("Plaintiff's Original Petition"), ECF No. 1-3, as is appropriate at this stage of the proceedings.

On July 22, 2005, Plaintiff purchased real property in El Paso, Texas. Pl.'s Original Pet. 1. Plaintiff executed a deed of trust in order to secure a purchase money loan in the amount of $55,462. *Id.* at 2. This deed of trust inured to the benefit of Long Beach Mortgage Company. *Id.* On approximately September 19, 2006, the deed of trust transferred from Long Beach Mortgage Company to Defendant. *Id.* In July 2010, Defendant incorrectly informed Plaintiff

1

that Plaintiff's payment would increase from $435 to over $1,000 per month based on the assumption that Plaintiff lacked insurance on the property, which Plaintiff was required to maintain pursuant to the promissory note and deed of trust.  *Id.*  Plaintiff notified Defendant that she did in fact possess insurance on her property, and was therefore compliant with the terms of their agreement.  *Id.*  Although Plaintiff was not in default, Defendant listed the property for foreclosure sale on October 5, 2010, without providing notice to Plaintiff.  *Id.*  Defendant subsequently offered Plaintiff a loan modification, even though one was not necessary.  *Id.*  While representing to Plaintiff that Defendant was processing the loan modification, Defendant proceeded with foreclosure without informing Plaintiff.  *Id.*

Plaintiff filed her petition in County Court at Law Number Six in El Paso County, Texas, requesting declaratory relief that the foreclosure was invalid pursuant to the Texas Uniform Declaratory Judgments Act and asserting a claim for breach of contract.  *Id.* at 2-3.  Defendant removed the case to this Court on November 30, 2010, Notice of Removal 1, ECF No. 1, after which it filed the Motion on December 2, 2010.  Mot. 1.  Plaintiff did not respond.

## II.    DISCUSSION

### A.    Standard

#### 1.    Motion to dismiss

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff.  *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Still, "a plaintiff's obligation

to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (stating that a court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions").

Though a complaint need not contain "detailed" factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation omitted).  Thus, to survive a motion to dismiss, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 570.  Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## 2. Motion for more definite statement

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e); *Sisk v. Tex. Parks and Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir. 1981).  The motion requesting such a remedy "must point out the defects complained of and the details desired."  Fed. R. Civ. P. 12(e).

## B. Breach of Contract

Defendant argues that Plaintiff's claim for breach of contract should be dismissed due to

Plaintiff's failure to identify the existence of a valid contract.  Mot. 4.  Defendant also alleges

that Plaintiff failed to plead facts that establish Defendant's breach of any provisions of such a

contract.  *Id.*

  To establish breach of contract, a plaintiff must show: "(1) the existence of a valid

contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by

the defendant, and (4) resulting damages to the plaintiff."  *Rice v. Metro. Life Ins. Co.*, 324

S.W.3d 660, 666 (Tex. App. 2010) (citations omitted).  In claims for breach of contract, courts

have granted motions for more definite statement where the plaintiff fails to identify specific

provisions of specific contracts that were breached.  *See Chapa v. Chase Home Fin. LLC*, No. C-

10-359, 2010 WL 5186785, at *4 (S.D. Tex. Dec. 15, 2010) (finding that although dismissal

under Rule 12(b)(6) would be appropriate, motion for more definite statement is more

appropriate remedy where the plaintiff failed to identify a specific contract and specific

provisions within that contract that the defendant breached).  Where a plaintiff fails to allege

such fundamental facts, courts have expressed a preference for more definite statement over

outright dismissal.  *See Fowler v. State Farm Fire & Cas. Co.*, No. 1:06cv489-LTS-RHW, 2006

WL 2700730, at *5 (S.D. Miss. Sept. 19, 2006) (even though plaintiff's generalized allegations

of fraud failed to meet Rule 9(b)'s heightened pleading standard, the court found that a motion

for a more definite statement was the appropriate remedy); *Martin v. Armstrong*, No. 3:97-CV-

2781-D, 1998 WL 1765716, at *2 (N.D. Tex. Sept. 21, 1998) ("if the complaint is ambiguous,

conclusory, confused or lacking in sufficient information which would allow the other party to

frame a responsive pleading, the proper remedy is a motion for more definite statement under

Rule 12(e) rather than a motion to dismiss") (citing *Cates v. Int'l Tel. & Tel. Corp.*, 756 F.2d

1161, 1180 (5th Cir. 1985); *Sisk*, 644 F.2d at 1059).

Plaintiff's pleading is deficient. Plaintiff mentions in her petition only that she purchased property, secured a loan, and that Defendant foreclosed on property after a dispute over the amount of monthly payments. Pl.'s Original Pet. 1-2. Nowhere in her petition does Plaintiff show the existence of a valid contract, articulate specific provisions of the contract that were breached, or plead specific facts that demonstrate Defendant's breach. In order to plead breach of contract, Plaintiff must identify which provisions of which contract(s) Defendant's conduct violated. *See Rice*, 324 S.W.3d at 666; *Chapa*, 2010 WL 5186785, at *4. Therefore, in order to allow Defendant to file a responsive pleading, the Court grants the Motion for a more definite statement. *See* Fed. R. Civ. P. 12(e).

### C.    Declaratory Judgment

Ordinarily, "declaratory relief will not be granted when the cause of action has fully matured and invokes a present remedy at law." *U.S. Bank, N.A. v. Prestige Ford Garland Ltd. P'ship*, 170 S.W.3d 272, 278 (Tex. App. 2005). However, the Court will withhold judgment on Plaintiff's claim for declaratory judgment until she has provided a more definite statement. At that time, the Court will be in a better position to ascertain whether the cause of action has fully matured and invokes a present remedy at law, if, in fact, Plaintiff elects to re-plead such a claim.

## III.    CONCLUSION

The Court **DENIES** the Motion, ECF No. 3, to dismiss either the breach of contract or declaratory judgment claims, but **GRANTS** the Motion for more definite statement with respect to Plaintiff's breach of contract claim. Accordingly, Plaintiff shall file an amended complaint pursuant to this Order by **<u>February 15, 2011</u>**.

**SO ORDERED**.

**SIGNED** on this 7th day of February, 2011.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE